UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 02-22461-CIV-GOLD/SIMONTON

PROCLIMA, INC.,

    Plaintiff,

vs.

FERGUSON ENTERPRISES, INC.,

    Defendant/Counter-Plaintiff

vs.

DR. RENE J. LEONARD,

    Counter-Defendant.
_____/

## NON-PARTY WITNESS, ANTONIO ARGIZ'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** non-party witness/Plaintiff's Accounting Expert, ANTONIO ARGIZ, by and through the undersigned attorney and, pursuant to Rule 26, Fed.R.Civ.P., and Rules 7.1 and 26.1, Local Rules of the U.S. District Court for the Southern District of Florida, and respectfully moves this Honorable Court for the entry of a Protective Order precluding his deposition from taking place on Monday, September 29, 2003 and in support thereof further states:

1. On or about September 24, 2003, the non-party witness/Plaintiff's Accounting Expert, ANTONIO ARGIZ, received, via process server, a subpoena scheduling his deposition for Monday, September 29, 2003. (See Attached Exhibit "A").

2. On or about September 25, 2003, the non-party witness/Plaintiff's Accounting Expert, ANTONIO ARGIZ, retained the undersigned attorney for representation. Specifically to

1



3191 CORAL WAY • SUITE 637 • MIAMI, FLORIDA 33145
TELEPHONE: (305) 529-5561 • FACSIMILE: (305) 529-5564 • E-MAIL: ADevarona@hotmail.com

handle any and all issues pertaining to his unavailability for the currently scheduled deposition.

3.   On or about September 26, 2003, the undersigned attorney contacted, via telephone, John H. Dannecker, Esq., Counsel for the Defendant/Counter-Plaintiff, Ferguson Enterprises, Inc., and informed same that Mr. Argiz has a prior commitment that could not be changed. Furthermore, that Mr. Argiz will not be available for said deposition.

4.   In has been brought to the attention of the undersigned that Luis A. Mena, Esq., Counsel for Plaintiff, Proclima, Inc., informed Mr. Dannecker that Mr. Argiz would be unavailable for said deposition date, due to prior commitments. Specifically, a meeting in Jupiter, Florida, that was previously scheduled. (See Attached Exhibit "B").

5.   In has also been brought to the attention of the undersigned that Mr. Dannecker can not reschedule the previously mentioned deposition for a mutually convenient date for all involved.

6.   The undersigned was informed that Mr. Dannecker unilaterally scheduled said deposition without consulting, conferring or obtaining available dates from Plaintiff's Counsel.

7.   Counsel for non-party witness/Plaintiff's Accounting Expert, ANTONIO ARGIZ, has made a good faith attempt to resolve this issue by contacting and speaking with opposing counsel.

## MEMORANDUM OF LAW

It has been established that when a party seeks to depose a non-party witness he or she shall abide by the Federal Rules of Civil Procedure, as well as the Local Rules of the U.S. District Court for the Southern District of Florida.

In the current situation, Defense Counsel neglected to follow any of the above mentioned rules and has attempted to set the Deposition of non-party witness/Plaintiff's Accounting Expert Witness by issuing a subpoena scheduling same for Monday, September 29, 2003. Said subpoena

was delivered, via process server, to non-party witness/Plaintiff's Accounting Expert, ANTONIO ARGIZ, on Wednesday September 24, 2003.

Pursuant to Local Rule 26.1 (I), "Unless otherwise stipulated by all interested parties, pursuant to Rule 29, Fed.R.Civ.P., and excepting the circumstances governed by Rule 30(a), Fed.R.Civ.P., a party desiring to take the deposition within this State of any person upon oral examination shall give at least five (5) working days' notice in writing to every other party to the action and to the deponent (if the deposition in not of a party) ..."

Moreover, "Failure by the party taking the oral deposition to comply with this rules obviates the need for protective order." See Id. Thus, given the fact that non-party witness/Plaintiff's Accounting Expert, ANTONIO ARGIZ, received the subpoena on Wednesday, September 24, 2003 and his deposition was unilaterally scheduled for Monday, September 29, 2003, this period of Three (3) working days violates the provisions of Local Rule 26.1 (I) and thus Plaintiff's Motion for Protective Order must be granted.

Additionally, pursuant to Rule 26(c), Fed.R.Civ.P., "a party is entitled to a protective order to avoid any undue burden, oppression, harassment or undue expense." The party seeking the protective order bears the burden to show good cause for said order to be granted. Commodity Futures Trading Commission v. Midland Rare Coin Exchange, Inc., 1999 U.S. Dist. Ct., LEXIS 16939 (S.D. Fla. 1999).

Moreover, to establish good cause, the movant must submit a particular and specific demonstration of fact. Commodity Futures Trading Commission v. Midland Rare Coin Exchange, Inc., 1999 U.S. Dist. Ct., LEXIS 16939 (S.D. Fla. 1999). In this scenario, Mr. Argiz will incur undue expenses and burdens should his deposition take place. As evidenced by Mr. Argiz's affidavit, he has a previously scheduled meeting, which cannot be cancelled or rescheduled, in

Jupiter, Florida. The undue burdens and expenses constitute the loss travel expenses, the loss of potential revenues and other business opportunities. Therefore, Mr. Argiz's potential for loss is substantially high.

**WHEREFORE**, for the reasons stated above, the moving party respectfully requests that the foregoing motion be, in all respects, GRANTED and a Protective Order be entered precluding the deposition of the non-party witness/Plaintiff's Expert, ANTONIO ARGIZ, from taking place on Monday, September 29, 2003.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed and mailed this __26th__ day of September, 2003 to: **Luis A. Mena, Esq.**, Counsel for Proclima, Inc. and Dr. Rene J. Leonard, 999 Ponce De Leon Blvd., Suite 550, Miami, Florida 33134 and **John H. Dannecker, Esq.**, Counsel for Ferguson Enterprises, Inc., 300 South Orange Avenue, Suite 1000, Orlando, Florida 32802-4956.

ALEJANDRO D. DE VARONA, P.A.
Attorney for Antonio Argiz
3191 Coral Way
Suite 637
Miami, Florida 33145
Telephone:  (305) 529-5561
Facsimile:  (305) 529-5564

By: _____
ALEJANDRO D. DE VARONA, ESQ.
Florida Bar No.: 0469343

# *Exhibit "A"*

## Issued by the
## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

PROCLIMA, INC.,
Plaintiff/Counter-Claim Defendant,
vs.
FERGUSON ENTERPRISES, INC.,
Defendant/Counter-Claim Plaintiff,
vs.
DR. RENE LEONARD,
Counter-Claim Defendant.
_____/

## SUBPOENA DUCES TECUM IN A CIVIL CASE

**Case No.:** 02-22461-CIV-GOLD
Magistrate Judge Andrea Simonton

SERVED
Date: 9-24-03  Time: 6:05 P.M.
Adelaida D. Rosario, C.P.S. #1048
11th Judicial Circuit
*[signature]*

**TO:** Tony Argiz
Morrison, Brown, Argiz
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33173

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED SCHEDULE "A"

| PLACE | DATE AND TIME |
|---|---|
| Shutts & Bowen, LLP, 301 S. Biscayne Blvd., Miami, FL 33131 | September 29, 2003 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* Attorney for Defendant/Counter-ClaimPlaintiff | 9/18/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John H. Dannecker, Esq. Florida Bar No. 0745030
Shutts & Bowen LLP, P. O. Box 4956, Orlando, Fl 32802-4956    (407)423-3200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## SCHEDULE "A"

**Definitions**

For purposes of this set of Request for Production of Documents, the following words will have the meaning indicated below:

1. "You," "Your," means Tony Argiz, Morrison Brown Argiz, his agents and/or representatives.

2. " "Ferguson means" Ferguson Enterprises, Inc., its officers, directors, employees and/or representatives.

3. Whenever appropriate, the singular form of a word should be interpreted in the plural.

4. "Person(s)" refers to and includes any individual, natural person, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust, incorporated organization, or other business association or entity, and any government or governmental body, commission, board or agency, or political subdivision thereof, and other non-natural persons of whatever nature.

5. The term "affiliate" of another person or entity refers to a person or entity that, directly or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, such other person or entity.

6. "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon). "Document" further means any kind of printed, recorded, written, graphic, electronic or photographic matter (including tape recording), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received,

including originals, copies, reproductions, facsimiles, drafts, and including, without limitation: any writings, letters, telegrams, cables, telex messages, memoranda, correspondences, memoranda or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, intra and inter-office communications to, between or among directors, officers, agents, attorneys, accountants or employees, compilations of data, papers, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files, printouts, vouchers, accounting statements, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses, and agreements; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

7. The word "communication", or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies or telexes, or by any document, and any oral contact such as face-to-face meetings and telephone conversations.

8. "Refers and relates to," and "refers to" as used herein mean concerns, consists of, refers to, reflects, reflects on, shows or in any way is logically or factually connected with the matter discussed.

9. "Or" and "and" each mean "and/or". "All" shall be understood to include and encompass "any".

10. "Concerning", "evidencing" or "relating to" or any variant thereof includes referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

**Documents To Be Produced:**

1. Your Curriculum Vitae.

2. A Statement of your qualifications relative to your involvement in this litigation.

3. Engagement Agreement relative to your involvement in this litigation.

4. All documents provided to you including but not limited to export tax returns, customs documents/declarations, export documents, bills of lading, dock receipts, shipping receipts and/or any documents for any and all of the goods furnished by or to be furnished by Ferguson to Proclima, and for any goods furnished by Proclima to others.

5. All documents on which you rely, or intend to rely, in rendering any opinions relative to this litigation.

6. All treatises, standards, guides, manuals or other authorities on which you rely or intend to rely in rendering any opinions relative to this litigations.

7. All correspondence, including e-mails, concerning this litigation or in any way relating to your engagement.

8. All documents upon which you base any of your calculations of Proclima's damages, including, but not necessarily limited to financial statements, general ledgers, sales reports, bank statements, tax returns and schedules relating thereto, and any other accounting records.

9. All financial statements, ledgers, bookkeeping entries, tax returns and schedules relating thereto for Proclima.

10. All documents relative to or reflecting your opinions in this cause.

10191655_1.DOC

# Exhibit "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 02-22461-CIV-GOLD/SIMONTON

PROCLIMA, INC.,

    Plaintiff,

Vs.

FERGUSON ENTERPRISES, INC.,

    Defendant,

Vs.

DR. RENE J. LEONARD,

    Counter-Claim Defendant.

_____/

## AFFIDAVIT OF ANTONIO ARGIZ

STATE OF FLORIDA    )
                                :
COUNTY OF MIAMI-DADE )

    I, ANTONIO ARGIZ, being first duly sworn, deposes and says:

1. I have read the motion and find all statements therein to be true.
2. I was served with the Subpoena Duces Tecum to appear for the deposition of September 29, 2003, at 6:05 p.m. on September 24, 2003.
3. Due to prior commitments that cannot be changed, I will be unavailable for said deposition.
4. I will be in Jupiter, Florida on September 29, 2003 and cannot attend the scheduled deposition.

                                                      ANTONIO ARGIZ

(jurat on following page)

4

SWORN TO AND SUBSCRIBED before me this __25__ day of __September__, 2003, by __Antonio Argiz__

who is personally known to me.

Notary Public, State of Florida
Print Name: _____

AMY M. DEL CUETO
MY COMMISSION # DD 205984
EXPIRES: July 26, 2007
Bonded Thru Notary Public Underwriters

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 02-22461-CIV-GOLD/SIMONTON

PROCLIMA, INC.,

    Plaintiff,

Vs.

FERGUSON ENTERPRISES, INC.,

    Defendant,

Vs.

DR. RENE J. LEONARD,

    Counter-Claim Defendant.

_____/

### AFFIDAVIT OF ANTONIO ARGIZ

STATE OF FLORIDA    )
:
COUNTY OF MIAMI-DADE )

    I, ANTONIO ARGIZ, being first duly sworn, deposes and says:

1. I have read the motion and find all statements therein to be true.
2. I was served with the Subpoena Duces Tecum to appear for the deposition of September 29, 2003, at 6:05 p.m. on September 24, 2003.
3. Due to prior commitments that cannot be changed, I will be unavailable for said deposition.
4. I will be in Jupiter, Florida on September 29, 2003 and cannot attend the scheduled deposition.

                                                */s/ Antonio L. Argiz*
                                                ANTONIO ARGIZ

**(jurat on following page)**

4

SWORN TO AND SUBSCRIBED before me this ___25___ day of ___September___, 2003, by ___Antonio Argiz___

who is personally known to me.

_____
Notary Public, State of Florida
Print Name: _____

AMY M. DEL CUETO
MY COMMISSION # DD 205984
EXPIRES: July 26, 2007
Bonded Thru Notary Public Underwriters

5